THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA MILLER, | |
| Plaintiff, | |
| v. | 3:21-CV-1433 |
| | (JUDGE MARIANI) |
| STATE FARM MUTUAL AUTOMOBILE, INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Remand (Doc. 7) the above-captioned action to the Court of Common Pleas of Lackawanna County which the Defendant removed on August 11, 2021 (*see* Doc. 1). For the reasons that follow, the Court will grant Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On July 9, 2021, Plaintiff Cynthia Miller filed a one-count Complaint against Defendant State Farm Mutual Automobile Insurance Company in the Court of Common Pleas of Lackawanna County. (Doc. 1-2).

On August 11, 2021, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction. (Doc. 1). Plaintiff thereafter timely filed a Motion for Remand (Doc. 7) and supporting brief (Doc. 8) to which Defendant filed a brief in opposition (Doc. 10) and Plaintiff filed a Reply (Doc. 11).

Plaintiff's Complaint alleges one count for "Underinsured Motorist Benefits/Breach of Contract". (Doc. 1-2). The Complaint states that Plaintiff Miller is a resident of Pennsylvania and Defendant is an Illinois corporation. (*Id.* at ¶¶ 1, 2).

Plaintiff alleges that on or about August 14, 2018, she was operating her vehicle when she was involved in a collision with the vehicle of Robert Hauser, which caused her to suffer "severe and permanent injuries." Mr. Hauser, the tortfeasor, was insured through Erie Insurance and maintained a $100,000 insurance policy. Ms. Miller was insured through a policy with State Farm, which provided for underinsured motorist ("UIM") benefits in the amount of $25,000 per person, $50,000 per accident. (*Id.* at ¶¶ 8-11, 13-14, 26).

On July 27, 2020, Plaintiff's counsel sent Defendant correspondence requesting that Defendant open a claim for underinsured motorist benefits, to which Defendant responded on July 31, 2020 that it had closed the UIM claim due to a determination that Mr. Hauser's insurer Erie carried equal limits to Plaintiff's Policy. (*Id.* at ¶¶ 28-29). On March 4, 2021, Plaintiff's counsel sent Defendant a demand for the $25,000 available in UIM benefits and thereafter sent Plaintiff's medical records and Mr. Hauser's policy Declaration Page showing his coverage policy limits. (*Id.* at ¶¶ 31-33).

In June, 2021, Mr. Hauser's insurance company settled Plaintiff's claim for $90,000. (Doc. 1-2, ¶¶ 12, 34). As of the filing of Plaintiff's Complaint in July, 2021, "Defendant still has not fairly and accurately evaluated Plaintiff's claim for UIM coverage." (*Id.* at ¶ 35).

Ms. Miller's Complaint alleges that she "is entitled to recover compensatory damages which far exceed the underlying liability coverage maintained on the vehicle Mr. Hauser was operating" and that Defendant "has a duty to tender the UIM motorist benefits available to properly and adequately compensate Plaintiff for the injuries she sustained in the subject collision". (*Id*. at ¶¶ 39-40). Plaintiff therefore "demands judgment against Defendant State Farm Mutual Automobile Insurance Company in an amount in excess of $50,000.00 plus interests, costs, and other such relief as this Court deems appropriate." (*Id*. at p. 8).

### III. ANALYSIS

Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .

28 U.S.C. § 1332(a)(1). Here, Plaintiff does not dispute that the parties are citizens of different states. (Doc. 7, ¶ 26). Rather, Plaintiff argues that the amount in controversy does not exceed $75,000 and therefore that the action must be remanded to the Court of Common Pleas of Lackawanna County. (*See generally*, Doc. 7).

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also, Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting

federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)).

The rule for determining whether a case involves the requisite jurisdictional amount is "whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" *Samuel-Bassett*, 357 F.3d at 397 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 294). Nonetheless, "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197 (emphasis in original).

In determining the amount in controversy, a district court must look to "the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal citations and quotation marks omitted), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021); *see also, Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in

controversy from the complaint itself."). "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.3d at 666 (internal citations and punctuation marks omitted). Where a complaint "does not limit its request for damages to a precise monetary amount," the court must make "an independent appraisal of the value of the claim." *Angus*, 989 F.2d at 146.

In the present case, Plaintiff's Complaint does not limit her amount of damages, but instead seeks "an amount in excess of $50,000.00 plus interests, costs, and other such relief as this Court deems appropriate" (Doc. 1-2).[1] Thus, where Plaintiff's Complaint does not specifically aver that the amount in controversy is less than the jurisdictional minimum, this Court will remand this action if it appears to a legal certainty that Miller cannot recover the jurisdictional amount. *See Frederico*, 507 F.3d at 197.

As previously set forth, Plaintiff's Complaint only contains a claim for breach of contract due to Defendant's denial of her claims for underinsured motorist benefits. Where Plaintiff has alleged that her insurance policy provides for UIM benefits in the amount of $25,000 per person, this claim, at minimum, is valued at $25,000. However, as a result of Plaintiff's decision to solely bring a claim for breach of contract, Plaintiff's damages are

---

[1] 28 U.S.C. § 1332(a) makes clear that the $75,000 jurisdictional threshold is "exclusive of interest and costs". The Court will therefore not take into consideration the potential amount of interests and costs to which Plaintiff may be entitled in determining whether the $75,000 jurisdictional threshold has been satisfied in this case.

limited. Plaintiff is not entitled to recover punitive damages, *Samuel-Bassett*, 357 F.3d at 402 ("punitive damages are not recoverable in an action based solely on breach of contract") (quotation marks omitted), and absent a contractual provision to the contrary, which has not been asserted by either party or placed of record in this case, Plaintiff is also not entitled to an award of attorney's fees. *See e.g., Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F.Supp.2d 515, 534 (E.D. Pa. 2011) ("in breach of contract matters, fees are unavailable absent an agreement between the contracting parties."). Instead, as Plaintiff concedes, "Defendant's only exposure is the $25,000.00 UIM Policy limits." (Doc. 11, at 3).[2]

In opposition to Plaintiff's motion to remand, State Farm, without citation to any legal authority, argues that because Plaintiff must prove that the tortfeasor was underinsured in order to prevail on her claim, and the tortfeasor had coverage in the amount of $100,000, Plaintiff "must prove her damages are in excess of the $100,000.00 tortfeasor coverage", thus placing the amount in controversy above the $75,000 jurisdictional requirement. (Doc. 10, at 2-3). This unsupported argument lacks merit and ignores the basis of Plaintiff's legal

---

[2] Plaintiff may be entitled to prejudgment interest. *See e.g., Nutrition Mgmt. Servs. Co. v. Harborside Healthcare Corp.*, 181 F.App'x 315, 316 n. 3 (3d Cir. 2006) ("Under Pennsylvania law, interest is available as a matter of right on money owed under a contract. *Fernandez v. Levin*, 519 Pa. 375, 548 A.2d 1191, 1193 (1988). Parties are free to contractually determine the availability and/or rate of interest if one of the parties breaches its duties; otherwise, the statutory rate of prejudgment interest applies. The statutory rate is 6% per annum. 41 Pa. Stat. Ann. § 202.").
    However, even if this Court were to factor in the amount of prejudgment interest into its analysis, the potential interest recovery, combined with the $25,000 UIM benefits to which Plaintiff claims she is entitled, does not remotely approach the $75,000 threshold.

6

claim. Regardless of the tortfeasor's insurance limits, Mr. Hauser and his insurer Erie are not defendants to this action, and the claims against them have been settled in a separate action. As explained, *supra*, Plaintiff's breach of contract recovery is restricted to the $25,000 limit set forth in her State Farm insurance policy. *See Coates v. Nationwide Ins. Co.*, 2012 WL 4068437, at *4 (E.D. Pa. 2012) ("The Court also does not consider it conclusive that Plaintiff alleges in paragraph 21 of her Complaint that the tortfeasor was underinsured since he maintained only $100,000 in liability coverage and the value of plaintiff's injuries are in excess of that amount; this allegation serves to explain why Plaintiff is entitled to UIM benefits from Nationwide, not to establish that the amount of damages she seeks in this case exceed $100,000.").

Here, where it appears to a legal certainty that Miller cannot recover the jurisdictional amount necessary to confer subject matter jurisdiction on this Court, and because the Court must strictly construe removal statutes, with all doubts to be resolved in favor of remand, this action will be remanded to the Court of Common Pleas of Lackawanna County.[3]

---

[3] In reaching its conclusion, the Court notes the importance of the fact that Plaintiff's Complaint only alleges a claim for underinsured motorist benefits/breach of contract. If Plaintiff had included a claim for bad faith, the Court would find that remand was not appropriate. *See* Pa. C.S.A. § 8371 (allowing for award of punitive damages, interest, court costs, and attorney fees against the insurer).

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 7) will be granted. A separate Order follows.

_____
Robert D. Mariani
United States District Judge